DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} This matter is before this Court on appellant Teri Lynn Spees' appeal from consecutive sentences imposed by the Stark County Common Pleas Court on felony convictions for aggravated arson and receiving stolen property.[1] For the following reasons, this Court finds that the trial court's imposition of consecutive sentences was proper in all respects and affirms.
 I. {¶ 2} Appellant was indicted on September 3, 2002, on one count of aggravated arson in violation of R.C. 2909.02(A)(1), a first degree felony; one count of aggravated arson in violation of R.C. 2902.02(A)(2), a second degree felony; and one count of receiving stolen property in violation of R.C. 2913.51(A), a fifth degree felony. These charges arose from appellant's setting fire to her apartment complex and disappearing for a week with her four-year-old daughter, claiming they were abducted.[2]
 {¶ 3} The trial was held on November 4, 2002. The jury found appellant not guilty on the first felony count of aggravated arson. The jury found her guilty on that count, however, of the lesser included offense of arson, a first degree misdemeanor. The jury further found her guilty on the second felony count of aggravated arson and on the third felony count of receiving stolen property.
 {¶ 4} The trial court sentenced appellant to 180 days on the misdemeanor offense of arson. The court also sentenced her to eight years on the felony aggravated arson. Last, the court sentenced her to eleven months on the felony receiving stolen property charge. The trial court ordered that the felony sentences be served consecutively.
 {¶ 5} Appellant appealed her conviction. The Fifth District overruled all of appellant's assignments of error except one.[3] The Fifth District found that the trial court erred when it sentenced appellant to consecutive terms on the two felony counts without making the statutorily enumerated findings and giving its reasons supporting those findings.Spees at ¶ 89.
 {¶ 6} On remand, the trial court resentenced appellant to the same terms as before. Appellant appeals from the trial court's resentencing and assigns one error.
 II. ASSIGNMENT OF ERROR
"The Imposition of Consecutive Sentences is Against the Manifest Weight of the Evidence and Contrary to Law."
 {¶ 7} In this assignment of error, appellant argues that the record does not support the trial court's finding that appellant should serve consecutive sentences. Appellant claims that the offenses charged were a continuous course of conduct, and, as such, the sentence imposed should have been no greater than the maximum prison term allowed for the offense of the highest degree, pursuant to R.C. 2929.19.
 {¶ 8} Appellant further claims that she did not have a prior record and that no one was physically harmed by the fire. As such, she argues that the consecutive sentences were against the manifest weight of the evidence.
 {¶ 9} R.C. 2953.08 provides the grounds for appeal by appellant:
"(G) * * * The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
"(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
"(b) That the sentence is otherwise contrary to law."
 {¶ 10} Appellant first claims that her convictions arose from a single course of conduct and that she should have been sentenced under R.C. 2929.19(B)(2)(e). That section provides that the maximum sentence that may be imposed is the maximum term allowed for the offense of the highest degree.[4]
 {¶ 11} The trial court, however, sentenced appellant to consecutive sentences as provided by R.C. 2929.14(E)(4). R.C. 2929.14(E)(4) provides:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"* * *
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."
 {¶ 12} In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one of the syllabus, the Ohio Supreme Court held that "when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
 {¶ 13} In this case, the Fifth District found that the trial court failed to find that "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses so committed was so great or unusual that no part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." Spees at ¶ 89.
 {¶ 14} At the resentencing, the trial court made the requisite findings with regard to the above-stated deficiencies and stated its reasons. Consequently, the trial court has met the statutory requirements for imposing consecutive sentences and stated its reasons. Consequently, the sentencing is not contrary to law.
 {¶ 15} This Court will now consider whether the imposition of consecutive sentences was against the manifest weight of the evidence. The standard of review this Court applies is clear and convincing evidence. Clear and convincing evidence is that which provides in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. State v. Eppinger (2001), 91 Ohio St. 3d 158,164. This Court has reviewed the record in this case and finds that the trial court's sentence was not against the manifest weight of the evidence. The trial court set out the facts that more than support its decision.
 III. {¶ 16} For the foregoing reasons, this Court affirms the trial court's resentencing.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Stark, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, J., Batchelder, J., concur
[1] This case is on assignment from the Fifth District Court of Appeals.
[2] A thorough review of the facts and procedural history of this case is contained in the Fifth District's opinion. State v. Spees, 5th Dist. No. 2002CA00420, 2003-Ohio-7278.
[3] On appellant's first appeal, she argued that her conviction was against the manifest weight of the evidence; that the trial court erred when it allowed the jury to proceed to deliberations after appellant may have been seen by the jury in handcuffs; that the trial court erred when it failed to make the explicit findings demonstrating why the minimum term of sentencing should not have been imposed; and that the trial court erred in imposing the maximum sentence.
[4] R.C. 2929.19(B)(2) provides: "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."